A.C.P., a minor child, Plaintiff,

and

Scott Snider, Plaintiff–counter–defendant—Appellant,

Paul E. Pederson, a citizen of the State of Washington, in his capacity as the parent and on behalf of his minor daughter, Plaintiff–counter–defendant—Appellee,

v.

VALLEY FORGE LIFE INSURANCE COMPANY, a subsidiary of CNA Insurance Companies, Defendant–counter–claimant—Appellee.

No. 07–35725.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2009.

Filed March 26, 2009.

**644**

Michael G. Black, Esquire, Black Law Office, Missoula, MT, for Plaintiff/Plaintiff–counter–defendant–Appellee.

Neal John Philip, Gordon & Rees, LLP, Seattle, WA, for Plaintiff–counter–defendant–Appellant.

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

MEMORANDUM *

This appeal involves the right to proceeds of a life insurance policy issued by Valley Forge Life Insurance Co. ("Valley Forge") insuring the life of Danielle C. Snider ("Danielle" or "decedent"). Scott Snider ("Snider"), decedent's second husband, appeals the district court's summary judgment order in favor of Paul Pederson, decedent's first husband, on behalf of Pederson's and decedent's minor daughter, A.C.P., declaring A.C.P.'s rights as the beneficiary under the policy. At the time of decedent's death, A.C.P., Danielle's only child, was named the sole beneficiary under the policy. The question in this case is whether Danielle changed the beneficiary from her daughter to her second husband. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the grant or denial of a motion for summary judgment. *J.G. v. Douglas County Sch. Dist.*, 552 F.3d 786, 802 (9th Cir.2008). Viewing the facts in the light most favorable to the nonmoving party, we must determine whether a genuine issue of material fact exists, and whether the district court applied the law correctly. *Olympic Pipe Line Co. v. City of Seattle,* 437 F.3d 872, 877 n. 11 (9th Cir.2006). Summary judgment may be affirmed on any ground supported by the record. *Enlow v. Salem–Keizer Yellow Cab Co.,* 371 F.3d 645, 649 (9th Cir.2004).

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

■ Snider argues that Danielle complied with the policy provision to change the beneficiary designation from A.C.P. to Snider by signing and having notarized a change-of-beneficiary form. However, Danielle neither mailed this form to Valley Forge nor instructed anyone to mail it on her behalf—either before or after her death. After Danielle's death and without prior knowledge of the signed change-of-beneficiary form, Snider found the form along with a request for name change among Danielle's personal effects, obtained a copy of their marriage certificate, and mailed all the documents to Valley Forge. Under Montana law, the insured must proceed in accord with the terms of the policy to change a beneficiary, "and any material deviation from the course thus marked out [in the policy] will invalidate the transfer." *Bell v. Criviansky,* 98 Mont. 109, 37 P.2d 673, 676 (1934). Montana courts interpret insurance policies by reviewing the plain language of the policy. *See Swank v. Chrysler Ins. Corp.,* 282 Mont. 376, 938 P.2d 631, 637 (1997). The Valley Forge policy included the following provision regarding changing a beneficiary:

> 3.35: **CHANGE OF BENEFICIARY**— On the Policy Date the Beneficiary is as stated in the application. You may change a revocable Beneficiary. We must receive Written Notice informing Us of the change. Upon receipt a change takes effect as of the date of the Written Notice was signed. However, We are not liable for any payment made by Us before We record the Written Notice.

The policy defines "You" as the policy owner, thereby giving Danielle the exclusive right to change her beneficiary designation under the policy. Although Danielle signed a change-of-beneficiary form before her death, she neither mailed it to Valley Forge nor instructed anyone else to do so on her behalf (either before or after her death). Under the explicit terms of the policy, the "You" entitled to change the policy beneficiary was the designated policy holder, Danielle, and the "You" did not include Snider as a purported beneficiary. Danielle was the only person permitted to change the beneficiary designation, and she did not effect a change by signing a change-of-beneficiary form and filing it away with her personal papers without mailing it to Valley Forge or instructing another person to do so.

■ Montana courts have also concluded that an insured can change a beneficiary without complete compliance by substantially complying with the policy provisions if "(1) the insured had determined to change the beneficiary, and (2) the insured had done everything to the best of [her] ability to effect that change." *Eschler v. Eschler,* 257 Mont. 360, 849 P.2d 196, 202 (1993). However, we conclude that the district court correctly found that Danielle did not substantially comply with the policy requirements. Danielle did not do "everything to the best of her ability to effect that change"—she could have completed the change-of-beneficiary process by mailing in the requisite documentation to Valley Forge, and there is no evidence that she was precluded from doing so.

Accordingly, the purported change of beneficiary status from A.C.P. to Snider was ineffective under both a literal interpretation of the policy and a theory of substantial compliance. Because Danielle failed to comply with the change-of-beneficiary provision, her daughter A.C.P. is the properly designated beneficiary under the policy and is entitled to the proceeds.

**AFFIRMED.**